
FILED
JAN 30 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ELIZABETH J. CAMPBELL, )
)
    Plaintiff, )
)
v. ) Civil Action No.: 1:19-cv-00110 (UNA)
)
)
JEANNE M. KINCAID, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and emergency application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because, under the statute governing IFP proceedings, the Court is required to dismiss a case "at any time" if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The complaint, which plaintiff also refers to as an emergency motion, *see* Compl. at 1, 12, consists of rambling and unconnected statements and allegations, most of which are incomprehensible. Plaintiff, a resident of Washington D.C., names a single defendant, Jeanne Kincaid. *Id.* at 1. The complaint provides no address or other identifying information regarding the defendant. Plaintiff seemingly alleges that defendant recently stopped her from filing a complaint by deleting "accumulated materials from plaintiff's USB storage." *Id.* at 2. The complaint then focuses on various disordered topics including, but not limited to: plaintiff's disagreements with a magistrate judge, "being under illegal 24/7 drone surveillance," her nursing license, and a recitation of various biblical quotations. *Id.* at 2, 4–5, 7, 11. Lastly, she believes

that psychiatrists are "tremendous liars" who "routinely sell the constitution" and engage in "political abuse." *Id.* at 9–10. She seeks no relief other than a request that she able to submit a complaint, and that the original complaint be returned to her. *Id.* at 13. The complaint lacks any discernible claims and plaintiff fails to establish any jurisdictional bases.

Further, complaints premised on fantastic or delusional scenarios or supported wholly by allegations lacking "an arguable basis either in law or in fact" are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307–8 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

The instant complaint satisfies this standard and warrants dismissal with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (A dismissal with prejudice is warranted upon determining "that 'the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (internal citations omitted). A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: January 28, 2019

2